NO. 07-08-0024-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 5, 2008

_____

RICHARD OWEN DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT NO. ONE OF TARRANT COUNTY;

NO. 1045556D; HONORABLE SHAREN WILSON, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

On October 17, 2007, following a plea of guilty, Appellant, Richard Owen Davis, was convicted by a jury of unlawful possession of a firearm, enhanced. Punishment was assessed at twenty-five years confinement. Notice of Appeal was filed on November 16, 2007, and the case was assigned Cause No. 02-07-0440-CR, in the Court of Appeals for the Second District of Texas. Initially, the reporter's record was due to be filed on

December 17, 2007. When the record was not filed, the Second Court of Appeals directed counsel to provide proof of payment and designation of the record by January 22, 2008. The appeal was then transferred to the Seventh Court of Appeals by order of the Texas Supreme Court. When counsel failed to file proof of payment or a designation of the record, this Court again directed counsel to certify, in writing, whether Rules 34.6(b)(1) and 35.3(b) of the Texas Rules of Appellate Procedure had been complied with by February 14, 2008. Counsel was further advised that failure to comply with the Court's direction would result in Appellant's brief being due February 21, 2008. Counsel has not responded to that notice nor has the Appellant's brief been filed.

Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following:

1.  whether Appellant desires to prosecute this appeal;
2.  why Appellant's counsel, Karl E. Spahr, has failed to file a brief;
3.  whether Appellant has been denied effective assistance of counsel;
4.  whether Appellant's counsel, Karl E. Spahr, should be removed; and
5.  whether Appellant is indigent and entitled to court-appointed counsel.

Should the trial court determine that Appellant does want to continue the appeal, that present counsel should be removed, and that Appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint new counsel to represent Appellant

2

in this appeal. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its finding and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before Monday, April 7, 2008.

It is so ordered.

Per Curiam

Do not publish.